KAREN LECRAFT HENDERSON, Circuit Judge,
concurring in the judgment:
Although I concur in the judgment, I do not agree with the analysis of the jurisdictional issue contained in Part I.A of the majority opinion. The majority analyzes section 1605(a)(3),[1] the provision of the FSIA that allows the plaintiffs claims to survive dismissal, by dividing the section into two parts that, in its view, impose different burdens on the plaintiff. The portion of section 1605(a)(3) involving “rights in property taken in violation of international law” (labeled “A” by the majority) requires only that the plaintiff “assert a certain type of claim: that the defendant ... has taken the plaintiffs rights in property ... in violation of international law,” which claim — to suffice — must not be “ ‘wholly insubstantial’ or ‘frivolous.’ ” Maj. *956 Op. 941 (citing Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). On the other hand, the majority posits, the remainder of section 1605(a)(3) (labeled “B” by the majority) requires the plaintiff to “present adequate supporting evidence,” which “[f|or purely factual matters under the FSIA ... is only a burden of production;” id. at 940.[2] The majority differentiates the burdens based on whether the jurisdictional facts track “the plaintiffs ... claim,” id. at 940, that is, “A,” or are instead “particular factual propositions ... independent of the merits[],” id. at 940 (emphasis in original), that is, “B.”
While all of this may be only dicta— after all, we all agree the plaintiffs claims to both the Library and the Archive survive dismissal-our court has yet to recognize such a construct (as is manifested by the majority’s reliance on other circuits’ precedent, Maj. Op. 940-42)[3] and I do not join in its adoption today. Any jurisdictional fact, once challenged, may require the district court to satisfy itself of its jurisdiction. How it does so should not be the subject of an elaborate proof scheme imposed on appellate review. See Kilbum v. Socialist People’s Libyan Arab Jamahiriya, 376 F.3d 1123, 1131 (D.C.Cir.2004) (district court “retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction” (quotations omitted)); cf. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 537, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995). In my view, the plaintiff survives a Rule 12(b)(1) dismissal because it alleges that (1) it owns the Library and the Archive, (2) both of which were taken by the defendants or their predecessors in office based on the latters’ intent “ ‘to suppress the practice of Judaism, not for any bona fide economic, academic, or other recognized governmental purpose,’ ” Maj. Op. 954 (quoting Chabad Br. 63); and, further, (3) each defendant asserts ownership of either the Library or the Archive and they both engage in commercial activity in the United States. While all of these jurisdictional facts were traversed by the defendants, the district court correctly, and without distinguishing between those jurisdictional facts “independent of the merits” of the plaintiffs claim and those “intertwined with the merits of the claim,” Maj. Op. 940-41 (emphasis in original), assured itself of their existence — with the exceptions of the ownership of the Library and defendant RSL’s commercial activity in the U.S. vel non, jurisdictional facts that it either did not reach and/or we today reverse— primarily via both parties’ submissions supporting/opposing dismissal. Agudas *957 Chasidei Chabad of United States v. Russian Federation, 466 F.Supp.2d 6, 24-25 (D.D.C.2006). “There is no need or justification, then, for imposing an additional ... hurdle in the name of jurisdiction.” Grubart, 513 U.S. at 538, 115 S.Ct. 1043.

. Section 1605(a)(3) provides:
A foreign state shall not be immune from the jurisdiction of the courts of the United States or of the States in any case — ... (3) in which rights in property taken in violation of international law are in issue and ...; [ ] that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States....
28 U.S.C. § 1605(a)(3).

. "B” sets forth two alternatives of the “commercial activity” tie between the United States and the defendants also needed to establish jurisdiction, the second of which the plaintiff relies on. See note 1 supra.

. I reject the majority's reliance on Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946), and Arbaugh v. Y & H Corp., 546 U.S. 500, 513 & n. 10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), insofar as it suggests the High Court has embraced any similar bifurcation of subject-matter jurisdiction in those cases. See Maj. Op. 940. The focus of the cited discussion in Bell v. Hood is on the difference between a dismissal for “want of jurisdiction” — a Rule 12(b)(1) dismissal-and a dismissal "on the merits” — a Rule 12(b)(6) dismissal. 327 U.S. at 683, 66 S.Ct. 773; see also Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Indeed, the "immaterial,” "wholly insubstantial” and “frivolous” exceptions the majority opinion takes from Bell v. Hood as the template for "A” jurisdictional facts were themselves problematic to the Court. Id. ("The accuracy of calling these dismissals jurisdictional has been questioned.”). As for Arbaugh, in concluding that Title VII's 15-employee "prerequisite” is non-jurisdictional, the Court differentiated between jurisdictional and Mon-jurisdictional facts, not two types of jurisdictional facts as the majority opinion maintains with its "A” and "B” split.